IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

| | | |
|---|---|---|
| DREW PENNINGTON<br>1301 Chapelwood Lane<br>Capitol Heights, MD 20743 | * | RS |
| Plaintiff, | * | |
| vs. | * | Case No.: C-16-CV-24-004913 |
| JOSE ISRAEL AMAYA MOLINA<br>3406 Fredale Street<br>Silver Spring, MD 20906 | * | |
| and | * | |
| TANZANIA CHANEE BROOKS<br>1306 Iverson Street, Apt. 105<br>Oxon Hill, MD 20745 | * | |
| and | * | |
| WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY<br>d/b/a Metro Access<br>600 5th Street, NW<br>Washington, DC 20001 | * | |
| Defendants. | * | |

## COMPLAINT

**COMES NOW**, the Plaintiff, Drew Pennington, by and through counsel, Christian, Ashin & Brown, P.C. and Daniel G. Bastien, and hereby brings suit against the Defendants, Jose Israel Amaya Molina, Tanzania Chanee Brooks, and Washington Metropolitan Transit Authority ("WMATA"), doing business as, Metro Access, and as grounds in support thereof states as follows:

## JURISDICTION

1. Jurisdiction is vested in this Court in that the Defendants' tortious act occurred in Prince George's County, Maryland, the Defendant, WMATA, is a corporation existing and doing business in the State of Maryland, Prince George's County, and the amount in controversy is in excess of Seventy-Five Thousand Dollars ($75,000.00).

## FACTS COMMON TO THE COMPLAINT

2. At all times pertinent hereto, Plaintiff was a passenger in a motor vehicle being operated by Defendant Brooks.

3. At all times pertinent hereto, Defendant Brooks was operating her vehicle as an employee, servant, and/or agent of Defendant WMATA.

4. At all times pertinent hereto, the Plaintiff, Drew Pennington, acted in a reasonable and non-negligent manner.

5. On, or about, January 13, 2022, Defendant Brooks' vehicle was being operated on Interstate 495 Westbound in Prince George's County, Maryland (also known as the outer loop of the Capitol Beltway), at, or near, its intersection with Interstate 95 Northbound.

6. On, or about, January 13, 2022, Defendant Molina's vehicle was also being operated on Interstate 495 Westbound, in the lane immediately to the left of Defendant Brooks' vehicle.

7. A third vehicle, being operated by GFS Transportation, was traveling in the lane immediately to the right of Defendant Brooks' vehicle.

8. A collision took place between the vehicles being operated by Defendant Brooks and Defendant Molina, causing the Brooks' vehicle to collide with the GFS Transportation

vehicle to it's right, then causing a second collision between the Brooks and Molina vehicles, which resulted in an injury to Plaintiff.

## COUNT I

9. Plaintiff restates, realleges, and incorporates herein, by reference, all of the allegations in paragraphs 1—8.

10. Defendant Molina negligently changed lanes into the lane being occupied by the vehicle in which Plaintiff was a passenger (the Brooks vehicle) and negligently collided with Defendant Brooks' vehicle.

11. Defendant Molina was negligent in that he failed to yield the right of way, failed to maintain his lane of travel, made a negligent lane change, failed to control his speed to avoid a collision, and otherwise failed to operate his vehicle in a reasonable and non-negligent manner.

12. As the direct, sole, and proximate result of Defendant Molina's aforementioned negligence, the Plaintiff, Drew Pennington, was caused to sustain serious and painful personal injuries to his body, some of which are permanent, including, but not limited to, his head, neck, back, and right leg. The Plaintiff incurred, and continues to incur, medical expenses, lost time from his gainful employment, suffered, and continues to suffer, pain, anguish, and other significant damages as a result of Defendant Molina's negligence, all to the damage of the Plaintiff, Drew Pennington, in excess of Seventy-Five Thousand Dollars ($75,000.00).

**WHEREFORE**, the Plaintiff, Drew Pennington, prays this Honorable Court to enter judgment against the Defendant, Jose Israel Amaya Molina, in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), plus the cost of this suit and interest.

## COUNT II

13. Plaintiff restates, realleges, and incorporates herein, by reference, all of the allegations in paragraphs 1—12.

14. Defendant Brooks caused her vehicle to negligently change lanes into the lane occupied by Defendant Molina's vehicle and negligently collided with Defendant Molina's vehicle.

15. Defendant Brooks was negligent in that she failed to yield the right of way, failed to maintain her lane of travel, made a negligent lane change, failed to control her speed to avoid a collision, and otherwise failed to operate her vehicle in a reasonable and non-negligent manner.

16. As the direct, sole, and proximate result of Defendant Brooks' aforementioned negligence, the Plaintiff, Drew Pennington, was caused to sustain serious and painful personal injuries to his body, some of which are permanent, including, but not limited to, his head, neck, back, and right leg. The Plaintiff incurred, and continues to incur, medical expenses, lost time from his gainful employment, suffered, and continues to suffer, pain, anguish, and other significant damages as a result of Defendant Brooks' negligence, all to the damage of the Plaintiff, Drew Pennington, in excess of Seventy-Five Thousand Dollars ($75,000.00).

**WHEREFORE**, the Plaintiff, Drew Pennington, prays this Honorable Court to enter judgment against the Defendant, Tanzania Chanee Brooks, in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), plus the cost of this suit and interest.

## COUNT III

17. Plaintiff restates, re-alleges, and incorporates herein by reference all of the allegations in paragraphs 1—16.

18. At all times pertinent hereto, Defendant WMATA's driver (Defendant Brooks) was an employee, servant, and/or agent of Defendant and was acting within the scope of her employment, servitude, and/or agency with Defendant WMATA.

19. Defendant WMATA is liable for the negligence of its employees, servants, and/or agents via the legal doctrine of *Respondeat Superior*.

20. As the direct, sole, and proximate result of the negligence of Defendant WMATA's employee, servant, and/or agent, the Plaintiff, Drew Pennington, was caused to sustain serious and painful personal injuries to his body, some of which are permanent, including, but not limited to, his head, neck, back, and right leg. The Plaintiff incurred, and continues to incur, medical expenses, lost time from his gainful employment, suffered, and continues to suffer, pain, anguish, and other significant damages as a result of the negligence of Defendant WMATA's employee, servant, and/or agent, all to the damage of the Plaintiff, Drew Pennington, in excess of Seventy-Five Thousand Dollars ($75,000.00).

**WHEREFORE**, the Plaintiff, Drew Pennington, prays this Honorable Court to enter judgment against the Defendant, Washington Metropolitan Area Transit Authority, in a sum

in excess of Seventy-Five Thousand Dollars ($75,000.00), plus the cost of this suit and interest.

**WHEREFORE,** the Plaintiff, Drew Pennington, prays this Honorable Court to enter judgment against the Defendants, Jose Israel Amaya Molina, Tanzania Chanee Brooks, and Washington Metropolitan Area Transit Authority, *jointly and severally*, in a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS, ($75,000.00), plus the cost of this suit and interest.

**CHRISTIAN, ASHIN & BROWN, PC**

/s/Daniel G. Bastien
Daniel G. Bastien, #BA1601
CPF#:0706110013
7305 Baltimore Avenue, #305
College Park, Maryland 20740
301-277-9171
Daniel@dcmetroinjurylaw.com
*Attorney for the Plaintiff*

## JURY DEMAND

Plaintiff requests a Trial by Jury in the above-captioned matter.

**CHRISTIAN, ASHIN & BROWN, P.C.**

/s/Daniel G. Bastien
Daniel G. Bastien, #BA1601
CPF#:0706110013
7305 Baltimore Avenue, #305
College Park, Maryland 20740
301-277-9171
Daniel@dcmetroinjurylaw.com
*Attorney for the Plaintiff*